## Talvacchia v. McCormick-Taylor & Associates

*Pershing N. Calabro,* for plaintiff.
*Charles M. Golden,* for defendants.

TAKIFF, *J.,* April 29, 1977 — This is a motion for a protective order filed by defendants in response to plaintiff's interrogatories. The basis for the mo-

tion is that the interrogatories exceed the bounds of the order entered by this court on December 1, 1976. That order granted plantiff leave to examine all the books and records of the corporate defendant, including, but not limited to, minutes of stockholders, directors, and officers' meetings, books and all records relating to the fiscal affairs of the corporation including records of jobs completed, jobs in progress, jobs awarded, accounts receivable and payable, all receipts and expenditures, tax returns, all shareholder records, articles of incorporation, charter and by-laws, stockholder agreements.

We agree with defendants that certain of the interrogatories are improper. Interrogatories one and two request information which has been available to plaintiff for review and inspection by reason of the order of December 1, 1976. Interrogatories four, five and six seek defendant to provide a cost analysis concerning the amount required to complete certain contracts. These are improper. The obligation imposed on defendants is to make available to plaintiff all books and records pertaining to fiscal matters. If plaintiff desires a cost accounting analysis of such records, it is incumbent upon plaintiff to perform that task.

The remaining interrogatories must be answered. They request justification and explanation of certain expenditures and are entirely proper. Accordingly, we enter the following

### ORDER

And now, April 29, 1977, defendants' motion for a protective order is granted as to Interrogatories one, two, four, five and six. Defendants are ordered to answer Interrogatories three, seven, eight and nine within 20 days from this date.